IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michelle S. Felkel, | ) | C/A No.: 3:12-cv-1931-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DePuy Orthopaedics, Inc; Macari Medical, Inc.; and William G. Macari, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case comes before the Court on Plaintiff Michelle S. Felkel's Motion to Remand (ECF No. 9) and Defendant DePuy Orthopaedic's ("DePuy") Motion to Stay (ECF No. 11). A conditional transfer order has been filed in this case, but the order has not become effective yet, and in the meantime, this Court's jurisdiction continues.

**I.    Factual and Procedural History**

On August 24, 2010, DePuy Orthopaedics, Inc. ("DePuy") initiated a voluntary recall of the ASR$^{TM}$ Hip Systems. After the recall, lawsuits were filed all over the country. These suits have been consolidated in multidistrict litigation ("MDL") No. 2197, which is before the Honorable David A. Katz of the Northern District of Ohio. More than 4,900 actions have now been transferred to, or direct-filed in, the MDL court. In fact, another case, *Beavers v. DePuy Orthopaedics*, that was previously pending before this Court has been transferred to MDL No. 2197. In that case, a Plaintiff filed against these exact same Defendants regarding the ASR$^{TM}$ Hip System, and this Court granted DePuy's Motion to Stay Pending Transfer to MDL No. 2197. In another ASR$^{TM}$ Hip case, *Walker v. DePuy Orthapaedics*, this court remanded the case to state

1

court after considering an issue under state law and finding that there was no diversity jurisdiction because the two non-diverse defendants had not been fraudulently joined.

This case involves the same factual inquiries that will be present in the ASR$^{TM}$ Hip Systems product liability actions generally—though, Plaintiff raises additional claims against the non-diverse defendants and bases her claims on statutory and common law unique to South Carolina. DePuy is the manufacturer of the ASR$^{TM}$ Hip Systems, and Macari Medical, Inc. and William Macari ("the Macari Defendants") are the South Carolina distributors of the DePuy ASR$^{TM}$ Hip Systems. Plaintiff originally filed this case in the Richland County Court of Common Pleas and alleged the following causes of action against all of the Defendants: strict liability, negligence or gross negligence, breach of implied warranty, and breach of express warranty. DePuy then removed the action to this Court claiming that the Macari Defendants were fraudulently joined and that diversity jurisdiction exists in this case. Plaintiff has filed a Motion to Remand the instant action to state court, asserting that the Macari Defendants were not fraudulently joined and that, as such, diversity jurisdiction does not exist in the present case. (ECF No. 9). Plaintiffs also filed a Motion to Expedite the hearing regarding the Motion to Remand. (ECF No. 10). Defendant DePuy has filed a Motion to Stay, requesting that this Court stay all proceedings pending transfer to MDL No. 2197. (ECF No. 11).

Since the initial removal of this case to federal court, a conditional transfer order was filed; however, a notice of opposition was also filed, and the Judicial Panel on Multidistrict Litigation has not yet ordered that the transfer become official. As such, this Court retains jurisdiction, and the Chairman of the Panel has indicated that this Court "should feel free to rule on any pending motions, including, but not limited to, motions for remand to state court. Particularly where such motions involve an issue or issues unlikely to arise in the MDL, their

early resolution may be in the interest of the involved courts and parties." Letter from Chairman of the Panel—to Transferor Judge.

## II.     Legal Standard

### A.     Standard for Removal

A state action must be within the original jurisdiction of the district court to be removed to federal court. *See* 28 U.S.C. § 1441. Original jurisdiction exists in "all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and cost, and is between . . . citizens of different States." 28 U.S.C § 1332(a)(1). The party seeking removal bears the burden of proving federal jurisdiction has been properly invoked. *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366 (4th Cir. 2003) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

The fraudulent joinder doctrine permits removal when a non-diverse party is or has been a defendant in the case and where "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and emphasis omitted). The burden to prove such fraudulent joinder is "heavy" because "the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–233 (4th Cir. 1993). However, in determining whether an attempted joinder is fraudulent, "the court is not bound by the allegations of the pleadings, but may 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

B.     **Power to Stay**

This Court's power to stay is well established. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

**III.   Analysis**

A.     **Motion to Remand**

The issue in the motion to remand is whether Plaintiff has fraudulently joined the Macari Defendants. Following the argument made in the *Walker* case, Plaintiff argues that there is at least the possibility that she will succeed in her various causes of action and that she has not fraudulently joined the Macari Defendants.

Defendant DePuy asserts that it has raised a different jurisdictional issue from the issue in *Walker*. Here, DePuy argues that the non-diverse defendants (the Macari Defendants) are fraudulently joined because the claims alleged against them are preempted by federal law. The doctrine of preemption is set forth in the Supremacy Clause and requires that where federal- and state-law conflict, only federal law applies. U.S. Const. art. VI, cl. 2. While this court has yet to consider the preemption issue with respect to these types of cases, the issue has been raised in ASR$^{TM}$ cases throughout the country, and it is currently pending before the MDL court in multiple motions to remand involving distributors and field representatives who were allegedly fraudulently joined to defeat subject matter jurisdiction. According to DePuy, "the only factual allegations leveled at the Macari Defendants relate to a single theory of liability—the alleged failure to warn of risks related to the DePuy ASR$^{TM}$—which is predicated on the assumption that the Macari Defendants could have provided different, stronger warnings to Plaintiff or her surgeon." (ECF No. 22, p. 3). However, DePuy asserts that the federal Food, Drug & Cosmetic

4

Act's "misbranding" provision barred the Macari Defendants from using any warning different from the one approved by the FDA. As such, in this case, federal-law prohibiting misbranding trumps the state-law duty to provide a stronger warning. As mere distributors of the implants, the Macari Defendants did not have the ability to independently change the label. Thus, Plaintiff's claims against these defendants are preempted.

Plaintiff only briefly addressed the issue of preemption in her Motion to Remand. She argues that Defendant's removal is based upon its characterization of her state law claims as "failure to warn" claims and that her Complaint reveals far more extensive allegations than failure to warn.

### B.    Motion to Stay

DePuy urges this Court to stay all proceedings and to vacate all deadlines in this action pending the transfer of this case to the Northern Distict of Ohio to become part of MDL No. 2197. DePuy points out that 176 stays have been granted by federal courts with ASR$^{TM}$ Hip System cases pending before them.

DePuy argues that a stay of the instant case would advance the purposes of the MDL and would not prejudice the parties. "A short stay will ensure that this action proceeds in an orderly, coordinated fashion under the direction of Judge Katz. A stay will facilitate his efficient, uniform resolution of pretrial issues common to all of these federal ASR$^{TM}$ Hip System actions." (ECF No. 11-1). DePuy further points out that duplication of case management tasks by multiple courts not only is an uneconomical use of judicial resources, but also could lead to inconsistent rulings by different courts considering identical issues. *See* Nguyen v. BP Exploration & Production, Inc., 2010 WL 3169316, at *2 (S.D. Tex. Aug. 9, 2010) ("Defendants face a significant risk of inconsistent pretrial rulings by different courts if there is no stay in effect until

the Panel issues its decision."). Furthermore, DePuy indicates that the company has set up a process for patients to be reimbursed for expenses relating to recall-related medical care and medical treatment. As such, Plaintiff would not be prejudiced by a stay in that sense. Additionally, DePuy argues that Plaintiff will be spared some costs related to pre-trial motions and discovery by staying the action.

Plaintiff disagrees that she would not be prejudiced by a stay pending transfer to the MDL. Plaintiff argues that if the case is stayed, then the Plaintiff will be forced to shoulder the delays and additional costs if counsel is required to argue the motion to remand in Ohio. As such, Plaintiff asserts that a stay would result in both a temporal delay and unnecessary economic hardship. Plaintiff further submits that DePuy's contentions in this case are essentially the same as those in the *Walker* case and that this court should remand this case as it did in *Walker*.

**IV.     Conclusion**

This court is persuaded that this case should be stayed pending transfer to MDL No. 2197. In the interest of consistency in the resolution of pretrial matters, the court declines to rule on Plaintiff's Motion to Remand, leaving that decision to Judge Katz, who has a number of other motions to remand pending before him where the issue of preemption has been raised. Accordingly, Defendant DePuy's Motion to Stay (ECF No. 11) is granted; Plaintiff's Motion to Expedite (ECF No. 10) is moot. The court declines to rule on Plaintiff's Motion to Remand (ECF No. 9).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 15, 2012                                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                                     United States District Judge